UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION

| | | |
|---|---|---|
| ROBBIN STEWART, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:08-cv-586-LJM-TAB |
| | ) | |
| MARION COUNTY, *et al.* | ) | |
| Defendants, | ) | |
| | ) | |
| STATE OF INDIANA, | ) | |
| Intervenor. | ) | |

## ORDER ON PLAINTIFF'S MOTION FOR TEMPORARY INJUNCTIVE RELIEF

This matter is before the Court on Plaintiff's, Robbin Stewart ("Plaintiff"), Motion for Temporary Injunctive Relief.  Plaintiff initiated this action against Marion County, *et al*, ("Defendants"),  asserting several federal and state constitutional claims attacking the validity of Indiana's "Voter ID Law," Senate Enrolled Act No. 498, codified at various sections of the Indiana Code.  The State of Indiana (the "State") (Defendants and the State collectively, the "Government"), intervened in this matter.  The Court has considered the parties' arguments and, for the following reasons, **DENIES** Plaintiff's Motion for Temporary Injunctive Relief.

## I.  BACKGROUND[1]

In general terms, the Voter ID Law requires citizens voting in-person at precinct polling places on election day to present election officials with valid photo identification issued by the

---

[1] Having considered Plaintiff's brief in reply, the Court hereby **GRANTS** Plaintiff's Motion for Leave to File Supplemental Brief.

United States or the sState of Indiana.  Ind. Code § 3-11-8-25.1.  The photo identification must contain the following information and meet the following conditions:

> (1) A photograph of the individual to whom the "proof of identification" was issued;

> (2) The name of the individual to whom the document was issued, which "conforms to the name in the individual's voter registration record;"

> (3) An expiration date;

> (4) The identification must be current or have expired after the date of the most recent general election; and

> (5) The "proof of identification" must have been "issued by the United States or the [S]tate of Indiana."

Ind. Code § 3-5-2-40.5.  An individual denied the right to vote due to lack of photographic identification can sign an affidavit attesting to the citizen's right to vote in that precinct, which gives the individual the right to cast a provisional ballot.  Ind. Code § 3-11-8-25.1(e).[2]

Plaintiff claims that his vote was denied in 2006 and that during the primary held in May 2008, he tried to vote but was refused the opportunity without valid photographic identification.  Plaintiff proceeded to fill out an affidavit and submitted a provisional ballot.  According to Plaintiff, that provisional ballot has not been counted.  Plaintiff claims many other voters' provisional ballots have not been counted for the same reason.  Additionally, Plaintiff claims that he will not be able to vote in the upcoming general election due to the Voter ID Law.  Plaintiff currently has a valid, Indiana-issued photographic identification.

Plaintiff seeks injunctive relief in one or all of the following three ways: (1) an order to require the Government to count his vote in the primary and fall election without showing

---

[2]For a more extensive discussion of the Voter ID Law, see *Indiana Democratic Party v. Rokita*, 458 F. Supp. 2d 775 (S.D. Ind. 2006).

photographic identification; (2) an order to require the Defendants to count all provisional ballots cast as a direct result of citizens' failure to show valid photographic identification; and (3) an order to enjoin the enforcement of the Voter ID Law for the 2008 election cycle.

## II. **STANDARD**

When a party seeks to enjoin the application of a statute on the grounds that the statute is unconstitutional, the moving party must overcome the strong presumption that the statute is constitutional. *See, e.g., Gov't Suppliers Consolidating Serv., Inc. v. Bayh*, 734 F. Supp. 853, 862 (S.D. Ind. 1990).In assessing whether a preliminary injunction is warranted, the Court considers whether the movant has demonstrated that:

(1) that movant has a reasonable likelihood of success on the merits;

(2) the movant has no adequate remedy at law;

(3) the movant will suffer irreparable harm if preliminary relief is denied;

(4) the irreparable harm the movant will suffer without injunctive relief is greater than the harm the opposing party will suffer if the preliminary relief is granted; and

(5) the preliminary injunction will not harm the public interest.

*See St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007).

## III. **DISCUSSION**

As an initial matter, the Court notes that Plaintiff does not represent a class of similarly situated Indiana voters such that he can rely on others' voting experiences in support of his Motion. Additionally, Plaintiff has not offered any evidence of the alleged difficulties in getting a free state-

issued photographic identification from the Bureau of Motor Vehicles.  Plaintiff must rely upon, and will be limited to, his own facts, especially the fact that he currently possesses a valid, state-issued photographic identification.  With this in mind, the Court turns to Plaintiff's arguments.

Plaintiff's Complaint includes the following claims under:(1) the Voter ID Law violates Article II, §§ 1 and 2 of the Indiana Constitution by adding qualifications to vote and making elections other than free and equal; (2) the Voter ID Law violates the Twenty-Fourth Amendment to the Federal Constitution because the identification requirement is a poll tax; (3) the Voter ID Law violates the First Amendment because it impinges the right to petition the; (4) the Voter ID Law violates the Fourth Amendment, and also Article I, § 11 of the Indiana because it constitutes an unlawful search and seizure; (5) the Voter ID Law violates  the Fourteenth Amendment because it denies equal protection and both substantive and procedural due process; and (6) the Voter ID Law violates various other provisions in the Indiana Constitution.

The Court first considers the validity of Plaintiff's claims after the decision in *Crawford v. Marion County Election Bd.*, 128 S.Ct. 1610 (2008).  Next, the Court considers Plaintiff's arguments that survive *Crawford*, as well as Plaintiff's claims under the Indiana Constitution to determine whether Plaintiff has a reasonable likelihood of success on the merits.

## A.  *CRAWFORD*

In *Crawford*, the Supreme Court considered the constitutional validity of  the Voter ID Law under the Equal Protection Clause of the Fourteenth Amendment.  Although the Justices disagreed as to the standard of review to be applied to the Voter ID Law, a majority of the Court held that the Voter ID Law did not violate the Equal Protection Clause on its face because, among other reasons,

the alleged burden imposed on voters that lacked photographic identification were outweighed by the State's interest in protecting the integrity of the election process against voter fraud. *Crawford*, at 1623. Specifically, the Court concluded that the Plaintiffs in *Crawford* had not presented evidence to demonstrate a severe enough burden on voters.

Plaintiff argues that he still has some likelihood of success even after *Crawford* for three reasons: (1) Plaintiff asserts an "as applied' challenge instead of a facial challenge as in *Crawford*; (2) unlike in *Crawford*, Plaintiff has actually been denied the right to vote; and (3) his Complaint asserts claims that were not at issue in *Crawford*. To the extent Plaintiff's claims were not addressed in *Crawford*, the Court agrees with Plaintiff that *Crawford* does not preclude those claims.

However, the Court concludes that even though Plaintiff asserts an "as applied" challenge to the Voter ID Law, the reasoning in *Crawford* still applies to Plaintiff's claim. Plaintiff has not designated any evidence to demonstrate a burden that, on balance, outweighs the State's interest in protecting against voter fraud. In his briefs, Plaintiff tries to demonstrate that he, and many other voters, have traveled great distances and paid fees they could not afford in order to get a free, valid Indiana photographic identification. However, as previously discussed, Plaintiff represents himself only, and not the rights of other voters. Additionally, Plaintiff succeeded in obtaining valid identification because he currently possesses a valid Indiana photographic identification. Ultimately, the burden on Plaintiff evidenced here is not significantly distinguishable from that of the plaintiffs in *Crawford*. As a result, the State's interest in protecting against voter fraud is "sufficiently weighty" to justify its requirement that Plaintiff present photographic identification in order to vote. *Id.* at 1616, 1623. Therefore, Plaintiff has not demonstrated a reasonable likelihood of success on his Fourteenth Amendment claim.

## B.  FEDERAL CONSTITUTION CLAIMS

### 1.  <u>Twenty-Fourth Amendment</u>

Plaintiff argues that the Voter ID Law places a "poll tax" on voters.  However, the Seventh Circuit in *Crawford v. Marion County Election Bd.*, 472 F.3d 949, 951 (7th Cir. 2007), explicitly stated that "[t]he Indiana law is not like a poll tax."  Plaintiff argues that the  Seventh Circuit's opinion is not valid precedent after the Supreme Court's decision in the same case.  Even assuming that is true, the Court nonetheless finds the Seventh Circuit opinion persuasive and agrees that the Voter ID Law is not a poll tax under the Twenty-Fourth Amendment.  Therefore, Plaintiff has not demonstrated a reasonable likelihood of success on his Twenty-Fourth Amendment argument.

### 2.  <u>First Amendment</u>

Plaintiff argues that the Voter ID Law violates the First Amendment.  This argument was flatly rejected by Judge Barker in *Indiana Democratic Party v. Rokita*, 458 F. Supp. 2d 775, 820-21 (S.D. Ind. 2006).  Moreover, although the Seventh Circuit did not consider the First Amendment argument in its opinion, it nonetheless states, "Regarding the plaintiffs' other arguments, we have nothing to add to the discussion by the district judge."  Therefore, it appears to the Court that the Seventh Circuit agreed with Judge Barker that the Voter ID Law does not violate the First Amendment.  As discussed above, Plaintiff has provided no evidence to distinguish himself from the voters in *Crawford* such that the reasoning of the decisions in that case should not apply to him.  As a result, Plaintiff has not demonstrated a reasonable likelihood of success on the merits as to his First Amendment Claims.

### 3. <u>Fourth Amendment</u>

Plaintiff next argues that the Voter ID Law violates his right to be free from unreasonable search and seizure under the Fourth Amendment. Plaintiff claims that he cannot be asked for identification in the absence of probable cause that would support a warrant. However, Plaintiff cites only *Terry* stop case law to support his assertion. Plaintiff does not cite a single case that holds poll workers must have probable cause before they can require the voter to produce valid photographic identification. The Court concludes that the case law Plaintiff cites is not relevant to whether the State of Indiana may require voters to present valid photographic identification. Therefore, Plaintiff has failed to demonstrate a reasonable likelihood of success on the merits.

## C. INDIANA CONSTITUTION CLAIMS

### 1. <u>Article II, § 2</u>

Article II, § 2, of the Indiana Constitution provides that every "citizen of the United States who is at least eighteen years of age and who has been a resident of a precinct thirty days immediately preceding such election, shall be entitled to vote in that precinct[.]" Plaintiff argues that the Voter ID Law violates this provision by creating an additional qualification to vote. However, the *Crawford* Court viewed the Voter ID Law not as an additional qualification but rather "a generally applicable, nondiscriminatory voting regulation." *Crawford*, 128 S.Ct. at 1623, 1625. The photographic identification requirement is no more an "additional qualification" than requiring voters to register or to vote in person. Moreover, Judge Barker held that the Voter ID Law did not violated Article II, § 2, and the Seventh Circuit affirmed. *Rokita*, 458 F. Supp. 2d at 843, aff'd 472 F.3d 949 (7th Cir. 2007). The Court agrees with the analysis in *Crawford* and *Rokita* and concludes

7

that Plaintiff has failed to demonstrate a reasonable likelihood of success on the merits under Article II, § 2, of the Indiana Constitution.

## 2.  Article II, § 1

Article II, § 1, of the Indiana Constitution provides that "All elections shall be free and equal[.]"  The Indiana Supreme Court, in discussing this provision, has stated:

> It is said elections are free when the voters are subject to no intimidation or improper influence, and when every voter is allowed to cast his ballot as his own judgment and conscience dictate.  That they are equal when the vote of every elector is equal in its influence upon the result to the vote of every other elector; when each ballot is as effective as every other ballot.

*Blue v. State ex rel. Brown*, 206 Ind. 98, 188 N.E. 583, 589 (1934), *overruled on other grounds by Harrell v. Sullivan*, 220 Ind. 108, 40 N.E.2d 115, 120 (1942).  Plaintiff argues that the Voter ID Law violates this provision because not every voter is entitled to vote without intimidation or improper influence and therefore the elections are not "free and equal."  However, the Indiana Supreme Court has held that the Indiana Constitution grants power to the General Assembly to promulgate election laws to regulate and uphold the legitimacy of elections in the state.  *Simmons v. Byrd*, 192 Ind. 274, 136 N.E. 14, 18 (1922).  Article II, § 1, requires that the legislature ensure that the election process is not susceptible to fraudulent voting.  *Id.*  ("When the ballot box becomes the receptacle of fraudulent votes, the freedom and equality of elections are destroyed.").  The Voter ID Law is "a generally applicable, nondiscriminatory voting regulation" that protects Indiana's electoral process against fraudulent voting.  *Crawford*, 128 S.Ct. at 1626.  The Court concludes that Plaintiff has not demonstrated some likelihood of success for his Indiana Constitution, Article II, § 1 claim.

8

### 3. **Other Claims**

Plaintiff asserts multiple remaining claims under the Indiana Constitution but does not cite to any law to support his argument.  In fact, Plaintiff simply states that he asserts several claims under the Indiana Constitution and that, taken together, because he advances so many claims, his likelihood of success is increased.  However, Plaintiff is required to provide some legal authority that would demonstrate some likelihood of success on the merits.  He has not cited to any legal authority and, therefore, the Court concludes that Plaintiff has not demonstrated some likelihood of success on the merits.

### D.  IRREPARABLE INJURY

Plaintiff has failed to demonstrate some likelihood of success on the merits on any of his claims.  However, the Court must also consider whether Plaintiff has an adequate remedy at law and whether Plaintiff will suffer irreparable harm if preliminary relief is denied.  *See St. John's United Church of Christ*, 502 F.3d at  625.  Plaintiff will not suffer irreparable injury if preliminary relief is denied because he has a valid, state-issued photographic identification.  As a result, he can participate in the election process this year.  Therefore, Plaintiff has not satisfied his burden under *Lawson*.  *Id.*

9

## IV.  **CONCLUSION**

For the foregoing reasons, Plaintiff's, Robbin Stewart, Motion for Temporary Injunctive

Relief is **DENIED**.

IT IS SO ORDERED this 21st day of October, 2008.


LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana


Distribution to:

Robbin G. Stewart
STEWART & ASSOCIATES
gtbear@gmail.com

David A. Arthur
INDIANA OFFICE OF THE ATTORNEY GENERAL
David.Arthur@atg.in.gov

Eric James Beaver
INDIANA OFFICE OF THE ATTORNEY GENERAL
eric.beaver@atg.in.gov

Jonathan Lamont Mayes
CITY OF INDIANAPOLIS, OFFICE OF CORPORATION COUNSEL
jmayes@indygov.org

Richard G. McDermott
CITY OF INDIANAPOLIS, OFFICE OF CORPORATION COUNSEL
rmcdermo@indygov.org

Justin F. Roebel
CITY OF INDIANAPOLIS, OFFICE OF CORPORATION COUNSEL
jroebel@indygov.org